# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DEBRA KING, :

    Plaintiff, :

vs. : CA 09-0503-WS-C

ALABAMA DEPARTMENT OF :
PUBLIC HEALTH,
                               :

    Defendant.

## ORDER

This cause is before the Court on defendant's motion to compel discovery and motion for extension of time to file its motion for summary judgment (Doc. 17), as supplemented (Doc. 18) and amended (Doc. 19),[1] plaintiff's notice of service of discovery responses (Doc. 20), plaintiff's response to defendant's motion to compel (Doc. 21), and defendant's reply (Doc. 22). Based upon consideration of the foregoing pleadings, and all other pertinent material in this file, this order is entered pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a) & (c)(1).

---

[1] Defendant's motion to amend its motion to compel (Doc. 19) is **GRANTED** as is its motion to supplement its motion to compel (Doc. 18).

## **FINDINGS OF FACT**

1. A scheduling order was entered in this case on December 9, 2009, same reading, in relevant part, as follows:

2. DISCOVERY COMPLETION DATE. All discovery is to be completed on or before **June 2, 2010. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**

For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production served and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

. . .

11. DISCOVERY MOTIONS. The following requirements pertain to discovery motions filed in this Court:

a. Conferencing by Counsel. The conferencing requirement contained in Rules 26(c)(1), 37(a)(1), and 37(d)(1)(B), Fed.R.Civ.P., will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine the sufficiency of a request for an admission pursuant to Fed.R.Civ.P. 36(a). Any such motion not containing the required certification will be stricken.[2]

---

[2] Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College

> b. <u>Time of Filing; Form</u>. A motion for protective order pursuant to Fed.R.Civ.P. 26(c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.
>
> . . .
>
> 12. **DISPOSITIVE MOTIONS**. The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues. In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties **shall** identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **June 23, 2010.**

(Doc. 15, ¶¶ 2, 11 & 12 (footnote and emphasis in original)) In setting the discovery completion date for June 2, 2010 (*id.* at ¶ 2), the undersigned accorded the parties one month more of discovery than was requested in the Rule 26(f) report (*compare id. with* Doc. 14, at

---

Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes.

¶ 4.(C) ("Discovery will be commenced in time to be completed by May 7, 2010.")).[3]

      2.      Almost five months passed in this case following entry of the scheduling order before the next entry on the docket sheet. (*Compare* Doc. 15 *with* Docket Sheet) The docket sheet reflects that on April 30, 2010, plaintiff's counsel filed notice of the serving of interrogatories, requests for admissions, and requests for production of documents (Doc. 16) in compliance with this Court's Local Rule 5.5(d). *See* SD ALA LR 5.5(d) ("Whenever any discovery material is served, counsel shall contemporaneously deliver to the clerk a notice identifying the date of service and the nature of the material served or, the first and last page of the document served including the certificate of service.").

      3.      Three days later, on May 3, 2010, counsel for the defendant filed the instant motion to compel discovery and motion for extension of time to file its motion for summary judgment. (Doc. 17) Within the context of this motion, defendant also seeks the striking of the foregoing discovery served by plaintiff. (*See id*. at 4 ("Plaintiff's service on Defendant for discovery is faulty. . . . Rule 5(2)(E) states, '[a] paper is served under this rule by: sending it by electronic means if the person consented in writing–in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.' Therefore, since Defendant never agreed in writing to receiving

---

[3] It is also noted that the parties requested a dispositive motion filing date of May 31, 2010 (Doc. 14, ¶ 10), whereas the Court set the deadline for filing dispositive motions at June 23, 2010 (Doc. 15, ¶ 12).

4

Plaintiff's request for discovery, Plaintiff's service is not effective and should be stricken."))
Later during the day on May 3, 2010, defendant filed a motion to supplement its motion to compel[4] (Doc. 18) and a motion to amend its motion to compel to include the certification required by this Court's scheduling order and the federal rules of civil procedure[5] (Doc. 19).

    4.    Plaintiff responded quickly to defendant's motion to compel, filing, on May 3, 2010, her notice of serving discovery responses to defendant's interrogatories and requests for production (Doc. 20), along with her response to the motion to compel (Doc. 21). In the response, plaintiff's counsel contends that his delay in serving discovery responses was not

---

[4] This document simply seeks to supplement the defendant's motion with a copy of plaintiff's discovery requests. (Doc. 18, Exhibit F) As previously indicated, this motion is **GRANTED**.

Given that defense counsel had in her possession plaintiff's discovery requests as of May 3, 2010 (*see id.*), thirty days prior to the present close of discovery on June 2, 2010 (*compare id. with* Doc. 15, ¶ 2), and the docket sheet in this case reflects proper notice of the service of such discovery (Doc. 16), any alleged "technical" violation of Rule 5(b)(2)(E)'s requirement that the person being served with the paper must consent in writing is overcome by and made harmless by the provisions of Rule 5(b)(3). *See* Fed.R.Civ.P. 5(b)(3) ("If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)."). As previously indicated, Local Rule 5.5(d) requires parties to contemporaneously deliver to the clerk a notice identifying the date of service of discovery material. The undersigned finds clearly implicit in this requirement an invitation to parties to use the court's transmission facilities to make service under Rule 5(b)(2)(E). Accordingly, the undersigned **DENIES** defendant's motion to strike plaintiff's propounded discovery (*see* Doc. 17, at 4) and **ORDERS** defendant to file its responses/objections to that discovery not later than **June 2, 2010**, thirty days to the date following defense counsel's admitted receipt of plaintiff's written discovery.

[5] The attached amended motion to compel discovery simply adds the following conclusory statement on page 5: "The undersigned certifies that she has in good faith conferred or attempted to confer with counsel prior to seeking the Court's help in resolving this discovery dispute." (Doc. 19, Defendant's Amended Motion to Compel Discovery, Motion for Extension to File Summary Judgment, at 5)

5

intentional, but the result of the press of business in other cases, and that defendant has not been prejudiced in any manner by receiving King's discovery responses on May 3, 2010. (*Id.* at 1) The response concludes with the following paragraph:

> Plaintiff does not object to any request on the part of defendant if it feels that additional discovery time is needed herein due to plaintiff's ten (10) day delay in submitting responses that defendant already has in its possession. Nor does plaintiff object to an enlargement of the time for summary judgment filings, if discovery is extended. In fact, given plaintiff's counsel's heavy briefing schedule over the next three to four weeks, plaintiff would join in a request for a 30 day extension of discovery and the filing of dispositive motions.

(*Id.*, ¶ 5)

5. By its reply, defendant has established that the plaintiff did not sign her interrogatory responses. (Doc. 22, Exhibit 1, at 6 (signature of plaintiff's counsel only))

## **CONCLUSIONS OF LAW**

1. "Rule 16 of the Federal Rules of Civil Procedure authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C. D. Cal. 2003). The broad discretion set forth in Rule 16 "is necessary to preserve the integrity and purpose of the pretrial scheduling order and to allow the trial judge qualitative and quantitative management over a judicial proceeding from an early stage in order to reduce costs and delays." *Gavenda v. Orleans County*, 1996 WL 377091, *1 (W.D. N.Y. 1996) (footnotes omitted); *see Zivkovic v.*

*Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) ("'The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion.'").

    2.    A Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998) (citations omitted).

    3.    The Rule 16 order in this case clearly set the response time for interrogatories and requests for production of documents thirty (30) days following service of same. (Doc. 15, ¶ 10.a. & d.) The contents of the Rule 16(b) scheduling order are consistent with the requirements of the Federal Rules of Civil Procedure. *Compare id. with* Fed.R.Civ.P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.") *and* Fed.R.Civ.P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served.").

    4.    While it is clear from the motion to compel and plaintiff's response thereto that plaintiff untimely filed her responses to defendant's written discovery (*compare* Doc. 17, at 1 ("Defendant's counsel served discovery on Plaintiff on March 24, 2010, making such

discovery due on April 23, 2010.") *with* Doc. 21, at 2 (plaintiff's counsel admission of a ten-day delay in submitting responses)), the undersigned declines to sanction plaintiff for this delay (*see* Doc. 17, at 4) given defendant's failure, on March 24, 2010, to contemporaneously file its notice of serving such discovery as required by Local Rule 5.5(d), as well as defense counsel's failure to state anywhere in the motion to compel, as supplemented and amended, that she specifically informed plaintiff's counsel that she would file a motion to compel on a date certain should she not receive plaintiff's responses to propounded written discovery.

5. In light of plaintiff's responses to defendant's propounded written discovery (Doc. 20), the undersigned deems defendant's motion to compel **MOOT** except that plaintiff need be **COMPELLED** to sign her interrogatory responses (*see* Doc. 22). Interrogatories must be answered by the party to whom they are directed under oath and must be signed by the person making the answers. Fed.R.Civ.P. 33(b)(3) & (5). In addition, "the attorney who objects must sign any objections." Fed.R.Civ.P. 33(b)(5). Here, plaintiff Debra King did not sign her answers to the interrogatories propounded by defendant. *See Estrada v. Palm Beach Metro Transportation, LLC*, 2008 WL 1995097, *1 (S.D. Fla. 2008) ("Federal Rule of Civil Procedure 33 clearly states that Interrogatory Responses must be answered 'under oath.'"); *Cherenfant v. Nationwide Credit, Inc.,* 2004 WL 5315889, *1 n.2 (S.D. Fla. 2004) ("Federal Rule of Civil Procedure 33(b)(3) requires a party to sign interrogatory answers 'under oath.'"). Accordingly, plaintiff is **ORDERED** to sign her interrogatory responses under oath

not later than the close of business on **May 7, 2010**.

6. The parties have a month of discovery remaining in this case. (*See* Doc. 15, ¶ 2) There certainly remains a sufficient amount of time for defendant to depose plaintiff and for other depositions to be taken before that deadline passes and prior to the deadline for filing dispositive motions. The undersigned declines to extend either period of time now because there has not been a showing of the good cause necessary to extend the discovery deadline (*see* Doc. 15, ¶ 2 ("**Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.**"))[6] and, in addition, defendant can make no showing at this point in time that it will not be able to file a timely summary judgment motion on or before June 23, 2010 (*see* Doc. 15, ¶ 12).

7. The sole "relief" the undersigned accords defendant, other than as noted above, is that plaintiff is **ORDERED** to sit for her deposition first in this action and must sit for her deposition on or before **May 19, 2010**.[7] Plaintiff's counsel will simply have to take time out

---

[6] The undersigned gets no sense from the pleadings filed on May 3, 2010 (Docs. 17-21), or May 4, 2010 (Doc. 22), that the parties have diligently pursued discovery in this matter. Rather, it appears to the undersigned that the parties waited for more than three months after entry of the Rule 16(b) scheduling order before beginning to engage in written discovery (*compare* Doc. 15 (Rule 16(b) scheduling order entered on December 9, 2009) *with* Doc. 17, at 1 (defendant alleges a service date for written discovery of March 24, 2010)) and it also appears that no depositions have been taken. Therefore, the defendant's request that the undersigned extend the discovery deadline for it only (Doc. 17, at 4) is **DENIED**.

[7] The undersigned **REJECTS** any suggestion by the defendant that plaintiff be sanctioned for "delaying" her deposition. (*See* Doc. 17, at 4 ("Rule 30(d)(2) states that, '[t]he

of his busy briefing schedule to defend plaintiff's deposition in this case. After the taking of plaintiff's deposition, the parties will still have a two-week period to complete any other depositions that are necessary in this action.

## **CONCLUSION**

The Magistrate Judge finds defendant's motion to compel responses to its propounded written discovery (Doc. 17) **MOOT** in light of the plaintiff's May 3, 2010 notice of filing of her responses to the propounded discovery (*see* Doc. 20) except that plaintiff is **ORDERED/COMPELLED** to sign her interrogatory responses under oath not later than the close of business on **May 7, 2010**. The defendant's requests that the discovery deadline be extended for its purposes alone and that the deadline for filing dispositive motions be extended (*see* Doc. 17, at 1 & 4) are **DENIED**. Finally, the defendant's request that plaintiff's propounded written discovery be stricken is **DENIED**.[8] The undersigned

---

court may impose an appropriate sanction–including the reasonable expenses and attorney's fees incurred by any party–on a person who impedes, delays, or frustrates the fair examination of the deponent.'")) Plaintiff 's conduct is not sanctionable under Rule 30(d)(2) both because the defendant, by its admission, agreed to the postponement of plaintiff's deposition (Doc. 17, at 2 ("Plaintiff's counsel then suggested [on April 28, 2010] that we postpone the deposition, so that Defendant could have the discovery responses. Defendant's counsel, attempting to be professional and reasonable *agreed*." (emphasis supplied)) and because this rule directs itself to the sanctioning of conduct which actually occurs during the course of a deposition, *compare* Fed.R.Civ.P. 30(d)(2) *with Sicurelli v. Jeneric/Pentron, Inc.*, 2005 WL 3591701, *8 (2005) ("[T]he imposition of sanctions under Rule 30(d)[(2)] requires only that the attorney's conduct frustrated the fair examination of the deponent."), *report & recommendation adopted*, 2006 WL 681212 (E.D. N.Y. 2006).

[8] Defendant is to make its responses/objections to the propounded written discovery not later than the official close of discovery, June 2, 2010.

**DECLINES** to sanction plaintiff in the manner suggested by defendant, that is, by imposition of expenses and fees (*see* Doc. 17, at 1 & 4); instead, the sole relief to be granted to defendant in this matter, beyond ordering plaintiff to sign her interrogatory responses under oath, is that the undersigned **ORDERS** plaintiff to sit for her deposition first and that this deposition take place on or before **May 19, 2010**.

**DONE** and **ORDERED** this the 5th day of May, 2010.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**